1UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Rose, | ) | CASE NO. 1:24 CV 2049 |
| | ) | |
| Plaintiff(s), | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| vs. | ) | |
| | ) | NOTICE: |
| Abbott Laboratories, Inc., et al., | ) | CASE MANAGEMENT CONFERENCE |
| | ) | |
| Defendant(s). | ) | |

### SCHEDULING OF CASE MANAGEMENT CONFERENCE

All counsel and/or parties will take **January 14, 2024 at 9:45 a.m** before Judge Donald C. Nugent, Room 15A, Carl B. Stokes U.S. Court House, 801W. Superior Avenue, Cleveland, Ohio 44113. **This CMC will be done by telephone. Counsel for all parties are instructed to get together on one line and call into the Court at 216-357-7160.**

### PRESENCE OF LEAD COUNSEL

Lead counsel must participate in the CMC.. If the participation of lead counsel will constitute an undue hardship, a written motion to make other arrangements and excuse the participation of lead counsel must be filed no later than seven (7) days prior to the CMC.

### TRACK ASSIGNMENT

This case is subject to the provisions of Differentiated Case Management (DCM ) as set forth in the Local Rules of the Northern District of Ohio. This Court will evaluate this case in accordance with LR 16.2(a)(1) and assign it to one of the case management tracks. Each of the

tracks (expedited, standard, complex, mass tort and administrative) has its own set of guidelines and time lines governing discovery practice, motion practice and trial.

## CONSENT TO JURISDICTION OF MAGISTRATE JUDGE

A Magistrate Judge has been assigned to assist in this case. The parties are encouraged to discuss and consider consenting to the jurisdiction of the Magistrate Judge.

## PREPARATION FOR CMC BY COUNSEL

Except in government collection cases and actions by unrepresented prisoners, the parties shall meet prior to the CMC to discuss the case and prepare a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f). **The Court places the burden of arranging this meeting on counsel for Plaintiff(s) if originally filed with this Court or, on counsel for Defendant(s) if removed.**

The parties shall, at or within 10 days after the meeting and without awaiting a discovery request, provide the basic information to the other parties specified by Fed. R. Civ. P. 26(a)(1) (initial disclosures), Fed. R. Civ. P. 26(a)(2) (disclosure of expert testimony) and Fed. R. Civ. P. 26(a)(3) (pretrial disclosures) shall also apply in this case. As part of the planning meeting, counsel must determine whether there will be discovery of electronically stored information (ESI)[E-discovery]. If counsel anticipate any E-discovery, they must decide on a method for conducting such discovery or they must agree to abide by the default standard set forth in Appendix K to the Local Civil Rules. **A Report of Parties' Planning Meeting under Fed. R. Civ. P. 26(f) and Local Rule 16.3(b), (Parties shall use the attached Form) shall be filed with the Court at least three (3) working days before the CMC.** Pursuant to Fed. R. Civ. P.

26(d), a party may not seek formal discovery from any source before the parties have met and conferred.

Unless otherwise ordered by the Court, initial disclosures, discovery depositions, interrogatories, requests for documents, requests for admission, answers and responses thereto shall not be filed with the Clerk's office, except that discovery materials may be filed as evidence in support of a motion or for use at trial.

Plaintiff(s) shall provide defendant(s) with a written demand to include a description and monetary breakdown of the damages claimed no later than one week prior to the date of the CMC. Defendant(s) shall respond with an offer no later than the date of the CMC.

It is the responsibility of counsel for the plaintiff(s) to verify that a copy of this Order has been received by counsel for the defendant(s) or, if no counsel has entered an appearance for defendant(s), has been received by defendant(s).

Please Note, effective January 1, 2006, ALL attorneys who practice before this Court are REQUIRED to file electronically pursuant to Local Civil Rule 5.1(c).

Further, any attorney desiring to practice in a case before this Court, whose name has not appeared on an initial pleading or motion, shall enter a written notice of appearance.

## **OTHER DIRECTIVES**

Parties shall submit a courtesy copy of all dispositive motions, oppositions and replies, along with all supporting material to chambers. No party may file a motion for summary judgment prior to close of discovery without express leave of Court. All summary judgment arguments shall be made in a single motion. Parties may not file multiple summary judgment motions without express leave of court.

The Court will not accept *ex parte* telephone calls to Chambers regarding substantive issues in pending cases. The Court speaks through its docket. While it may be appropriate to call Chambers regarding routine, non-substantive matters (such as requests for the dial in information for upcoming status conference, etc.), it is not appropriate for counsel to call Chambers *ex parte* for guidance or clarification regarding substantive matters, including matters relating to existing case management deadlines, requests to file briefing, and/or inquiries regarding the status of pending motions. All questions regarding substantive matters in pending cases must be filed as a motion on the public docket with the following exception-- If a dispute arises during a deposition that requires this Court's immediate assistance, the parties may call Chambers for assistance, but must do so jointly.

## **RESOLUTION PRIOR TO CMC**

In the event that this case is resolved prior to the CMC, counsel should submit a jointly signed stipulation of settlement or dismissal, or otherwise notify the Court that the same is forthcoming.  IT IS SO ORDERED.

      /s/Donald C. Nugent  
      DONALD C. NUGENT  
      United States District Judge

DATE: December 5, 2024