**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| RACHAEL ROSE, )<br>)<br>    Plaintiff, )<br>)<br>  v. )<br>)<br>ABBOTT LABORATORIES, INC. and )<br>COLLEEN LEWIS, )<br>)<br>    Defendants. )<br>) | CASE NO. 1:24 CV 2049<br><br>JUDGE DONALD C. NUGENT |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR,
<u>IN THE ALTERNATIVE, TO TRANSFER VENUE</u>**

Case: 1:24-cv-02049-DCN Doc #: 8-1 Filed: 12/30/24 2 of 18. PageID #: 69

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................................................................ 1

BACKGROUND ................................................................................................................. 2

ARGUMENT ....................................................................................................................... 3

    I.    United States Supreme Court Guidance on Forum-Selection Clause Transfers ................................................................................................... 3

    II.    The Parties' Venue Selection Clause Is Enforceable. ............................... 4

        A.    Illinois Law Governs the Court's Enforceability Analysis. ........................ 4

        B.    The Forum Selection Clause Is Enforceable Because It Is Mandatory and Reasonable. ................................................................... 5

            1.    The Forum Selection Clause is Mandatory. .................................. 6

            2.    The Forum Selection Clause is Reasonable. ................................. 6

    III.    The Courts in the Northern District of Illinois are an Adequate Alternative. ......... 8

    IV.    The Public Interest Factors Weigh In Favor of Transfer ........................................ 9

CONCLUSION .................................................................................................................... 10

i

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Abbott Labs. v. Takeda Pharm. Co.*,
   476 F.3d 421 (7th Cir. 2007) ................................................................................................5

*Aon Corp. v. Utley*,
   863 N.E.2d 701 (2006)...........................................................................................................7

*Arion, LLC v. LMLC Holdings, Inc.*,
   No. 18 C 5904, 2018 WL 6590533 (N.D. Ill. Dec. 14, 2018) ..............................................10

*Atlantic Marine Constr. Co., Inc. v. United States Dist. Court for the W. Dist. of Tex., et al.*,
   571 U.S. 49 (2013)........................................................................................................ passim

*Ayyash v. Horizon Freight Sys., Inc.*,
   No. 15-CV-10296, 2018 WL 5994755 (N.D. Ill. Nov. 15, 2018) .........................................7

*Betaco, Inc. v. Cessna Aircraft Co.*,
   32 F.3d 1126 (7th Cir. 1994) .................................................................................................8

*Brandt v. MillerCoors, LLC*,
   993 N.E.2d 116 (Ill. App. Ct. 2013) ......................................................................................7

*Exhibit Sys., Inc. v. Pico Art Int'l Pte., Ltd.*,
   No. 15 C 2930, 2015 WL 3930265 (N.D. Ill. June 25, 2015) ...................................... passim

*Firexo, Inc. v. Firexo Grp.*,
   99 F.4th 304 (6th Cir. 2024) ..................................................................................................5

*Fischer v. Magyar Allamvasutak Zrt.*,
   777 F.3d 847 (7th Cir. 2015) ............................................................................................ 8-9

*Franklin Cap. Holdings, LLC v. Dejoy*,
   No. 14-CV-8001, 2015 WL 9259801 (N.D. Ill. Dec. 18, 2015)............................................7

*GPS USA, Inc. v. Performance Powdercoating*,
   26 N.E.3d 574 (Ill. App. Ct. 2015) ........................................................................................5

*Klaxon Co. v. Stentor Elec. Mfg. Co.*,
   313 U.S. 487 (1941)...............................................................................................................5

*Martinez v. Bloomberg LP*,
   740 F.3d 211 (2d Cir. 2014)...................................................................................................5

*Muzumdar v. Wellness Int'l Network, Ltd.*,
 438 F.3d 759 (7th Cir. 2006) ...................................................................................................6

*Navman Wireless N. Am., Ltd. v. Texas Oilfield Servs., LLC*,
 No. 16 C 11356, 2017 WL 1199751 (N.D. Ill. Mar. 30, 2017) ..................................................8

*Ohayon v. Safeco Ins. Co. of Illinois*,
 747 N.E.2d at 208 (2001) .........................................................................................................5

*Pomerantz v. International Hotel Co., LLC*,
 359 F. Supp. 3d 570 (N.D. Ill. 2019) .......................................................................................9

*Robrinzine v. Big Lots Stores, Inc.*,
 No. 15-CV-7239, 2016 WL 3459733 (N.D. Ill. June 24, 2016) ...............................................6

*Shakir Dev. & Const., LLC v. Flaherty & Collins Constr., Inc.*,
 No. 11 C 1116, 2011 WL 2470887 (N.D. Ill. June 21, 2011) ................................................10

*Warwick v. Schneider Nat'l, Inc.*,
 No. 20 C 1995, 2020 WL 5891407 (N.D. Ill. Oct. 5, 2020) ........................................6-7, 8-10

**Statutes**

28 U.S.C. § 1404(a) ...................................................................................................................1, 3

Ohio Civil Revised Code § 4112.02 (A)..........................................................................................3

Ohio Civil Revised Code § 4112.02 (J) ..........................................................................................2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RACHAEL ROSE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ABBOTT LABORATORIES, INC. and )<br>COLLEEN LEWIS, )<br>)<br>Defendants. )<br>) | CASE NO. 1:24 CV 2049<br><br>JUDGE DONALD C. NUGENT |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR,
IN THE ALTERNATIVE, TO TRANSFER VENUE**

Defendants Abbott Laboratories Inc. ("Abbott") and Colleen Lewis ("Lewis"), pursuant to 28 U.S.C. § 1404(a), file their Memorandum in Support of their Motion to Dismiss or, In the Alternative, to Transfer Venue of the above-titled action from this District to the Northern District of Illinois and state:

**INTRODUCTION**

Plaintiff Rachael Rose and Abbott are parties to an Employee Agreement providing that the exclusive venue for disputes arising from Plaintiff's employment lies in the federal court for the Northern District of Illinois or the state courts in Lake County, Illinois. (Exhibit A2, Employee Agreement ¶ 16(a).) Plaintiff waived any objection to such venue as a condition of her employment with Abbott in a forum selection clause that is both mandatory and reasonable. As the United States Supreme Court has held, a forum selection clause should be "given controlling weight in all but the most exceptional cases." Accordingly, for the reasons further detailed below, Defendants

respectfully request that the Court uphold the forum selection clause and dismiss this case or, alternatively, transfer it from this District to the Northern District of Illinois.

## BACKGROUND

Plaintiff was employed by Abbott in its Vascular Medical Devices Division as an Endovascular Account Manager – Remote from August 26, 2019 to March 26, 2024. (Exhibit A, Gewalt Declaration ¶ 3.) Plaintiff received an offer letter addressed to her Ohio residence on July 29, 2019, giving her seven days to consider the offer of employment and sign the attached Employee Agreement. (See Exhibit A ¶ 4 and Exhibit A1 (Offer Letter) and A2 (Employment Agreement).) Plaintiff signed the Employee Agreement electronically on August 20, 2019. (Exhibit A ¶ 5, Exhibits A2, and A3 (Employee Agreement E-Signature Page.))

The Employee Agreement provides for an Illinois choice of law. (Exhibit A2 ¶ 15.) Additionally, the Employee Agreement includes the following venue selection clause:

> The parties agree to the exclusive jurisdiction of the state and federal courts in Illinois, in any action or proceeding arising out of or relating to this Agreement or the transactions contemplated hereby, and further irrevocably agree that all claims in any such action or proceeding shall be heard and determined in Lake County, Illinois state court or the Northern District of Illinois federal court. Both parties waive any objection to the laying of venue of any such action or proceeding in any of the Lake County, Illinois state courts or Northern District of Illinois federal courts, as well as any claim that a party may have that any such action or proceeding has been brought in an inconvenient forum. EMPLOYEE stipulates and consents to Illinois courts' personal jurisdiction and waives the right to object to an Illinois court's jurisdiction.

(Exhibit A2 ¶ 16(a).)

Plaintiff alleges against Abbott claims of hostile work environment and wrongful termination based on sex and gender under the Ohio Civil Revised Code § 4112.02 (A), as well as a claim for aiding and abetting discrimination against Defendant Lewis under the Ohio Civil Revised Code § 4112.02 (J) (ECF No. 1-1 (Complaint)). Specifically, Plaintiff contends that Lewis created a hostile work environment based on sex, that Lewis aided and abetted sexual harassment,

and that Abbott perpetuated a hostile work environment and wrongfully terminated Plaintiff's employment because of her sex. (ECF No. 1-1.)

Plaintiff lived in Ohio at the time of the alleged events at issue. Plaintiff was managed by Lewis, who works and resides in Pennsylvania (Exhibit A ¶ 9). Kristin Gewalt, a Manager, Employee Relations with Abbott, responded to an inquiry initiated by Plaintiff. (Exhibit A ¶ 6). Jim Curcio, who is also a Manager, Employee Relations with Abbott, conducted an investigation related to Plaintiff's employment during her employment. (Exhibit A ¶ 7.). Both Gewalt and Curcio work and reside in Illinois. (Exhibit A ¶¶ 6, 7.). In the Complaint, Plaintiff alleges that Kim Wissman, an Endovascular Executive Account Manager, is a witness in this case. (ECF No.1-1). Wissman works and resides in Kentucky. (Exhibit A ¶ 8).

## ARGUMENT

**I.  United States Supreme Court Guidance on Forum-Selection Clause Transfers**

In *Atlantic Marine Constr. Co., Inc. v. United States Dist. Court for the W. Dist. of Tex., et al.*, 571 U.S. 49, 52 (2013), the United States Supreme Court held that a party may enforce a forum selection clause by filing a motion to transfer under 28 U.S.C. § 1404(a) ("Section 1404(a)"). Section 1404(a) provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). According to the Supreme Court, when a defendant files such a motion, "a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Atlantic Marine*, 571 U.S. at 52.

As the *Atlantic Marine* Court reasoned, a forum selection clause "may … have been a critical factor in [the parties'] agreement to do business together in the first place," and "[i]n all but the most unusual cases … 'the interest of justice' is served by holding parties to their bargain."

3

*Id*. at 66. When, as here, the parties' contract contains a valid forum selection clause, in which the parties have agreed as to the most proper forum, the enforcement of the clause, "bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." *Id*. at 63. In *Atlantic Marine*, the Court further explained, "a proper application of § 1404(a) requires that a forum selection clause be 'given controlling weight in all but the most exceptional cases.'" *Id*. at 59-60.

Consequently, a valid forum selection clause requires district courts to adjust their usual Section 1404(a) analysis in three ways. *See Atlantic Marine*, 571 U.S. at 64. First, no weight is given to the plaintiff's choice of forum. *Id*. at 63. Rather, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted. *Id*. Second, the court should not consider arguments about the parties' private interests, because the parties, in agreeing to a forum selection clause, waived the right to challenge the preselected forum as inconvenient, and therefore the court may only consider arguments about public-interest factors. *Id*. at 64. Third, "when a party bound by a forum selection clause flouts its contractual obligation and files suit in a different forum," as Plaintiff did here, "a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations." *Id*. Put differently, "the court in the contractually selected venue should not apply the law of the transferor venue to which the parties waived their right." *Id*. at 66. Based on these factors, the Court should dismiss this case or, alternatively, transfer it to the Northern District of Illinois.

**II.     The Parties' Venue Selection Clause Is Enforceable.**

    **A.  Illinois Law Governs the Court's Enforceability Analysis.**

In determining to enforce a forum selection clause, a court first must decide if the parties' forum selection clause is valid. "Contract law – including the rules governing contract

4

interpretation – is quintessentially substantive…and therefore primarily the realm of the states." *See Firexo, Inc. v. Firexo Group Limited*, 99 F.4th 304, 324 (6th Cir. 2024) (quoting *Martinez v. Bloomberg LP*, 740 F.3d 211, 217–18 (2nd Cir. 2014)). Therefore, to decide which state's law governs, a court applies the choice-of-law rules of the forum state. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). The forum state here, Ohio, instructs its courts to apply the body of law contractually selected by the parties. *Ohayon v. Safeco Ins. Co. of Illinois*, 747 N.E.2d 206, 208-09 (2001) (stating that the Supreme Court adopted Section 187 of the Restatement of Conflicts, and that, "subject to very limited exceptions, the law of the state chosen by the parties to a contract will govern their contractual rights and duties").

Here, Abbott and Plaintiff are parties to an Employment Agreement, a contract, that states: "This Agreement shall be construed, and its enforceability and the relationship of the parties shall be determined, in all respects under the laws of Illinois, without giving effect to conflict of laws." (Exhibit A ¶ 15.) Under Illinois law, the choice of law the parties agreed to, the court interprets the forum selection clause under "the law designated in the [contract's] choice of law clause." *Abbott Labs. v. Takeda Pharm. Co.*, 476 F.3d 421, 423 (7th Cir. 2007). Therefore, Illinois law dictates whether the forum selection clause is enforceable.

### B. The Forum Selection Clause Is Enforceable Because It Is Mandatory and Reasonable.

Under Illinois law, forum selection clauses are valid unless the resisting party shows that litigation of the dispute in the selected venue would be unreasonable. *Exhibit Sys., Inc. v. Pico Art Int'l Pte., Ltd.*, No. 15 C 2930, 2015 WL 3930265, at *2 (N.D. Ill. June 25, 2015) (citing *GPS USA, Inc. v. Performance Powdercoating*, 26 N.E.3d 574, 583–84 (Ill. App. Ct. 2015)). Plaintiff cannot meet her burden.

5

### 1. The Forum Selection Clause is Mandatory.

As an initial matter, the court determines whether a forum selection clause is mandatory or permissive. *Exhibit Sys.*, 2015 WL 3930265 at *3. Only if the clause is mandatory must the court send the case to the specified forum. *Id*. "A forum selection clause is 'mandatory' if the terms of the agreement specify a given venue with 'mandatory or obligatory language' that indicates 'the parties' intent to make venue exclusive.'" *Id*. (citing *Muzumdar v. Wellness Int'l Network, Ltd.*, 438 F.3d 759, 762 (7th Cir. 2006)). Where, as here, the terms of the forum selection clause reveal an intent to make the agreed-upon forum exclusive, the clause is mandatory. *Id*.

Abbott and Plaintiff agreed "to the *exclusive* jurisdiction of the state and federal courts in Illinois, in any action or proceeding arising out of or relating to this Agreement or the transactions contemplated hereby, and further irrevocably agreed that all claims in any such action or proceeding *shall* be heard and determined in Lake County, Illinois state court or the Northern District of Illinois federal court." (Exhibit A ¶ 16(a) (emphasis added).) Both the phrases "*exclusive* jurisdiction" and "all claims … *shall* be heard and determined" are mandatory language indicating that the parties chose one forum, exclusive of all others. *Exhibit Sys.*, 2015 WL 3930265 at *3 (emphasis added); *see also Robrinzine v. Big Lots Stores, Inc.*, No. 15-CV-7239, 2016 WL 3459733, at *5 (N.D. Ill. June 24, 2016) (noting, "[t]he use of 'exclusive jurisdiction' in a particular forum shows that the parties intended to make venue exclusive"). Specifically, the parties' forum selection clause limits jurisdiction over suits arising from Plaintiff's employment to courts "in Lake County, Illinois state court or the Northern District of Illinois federal court." (Exhibit A ¶ 16(a).)

### 2. The Forum Selection Clause is Reasonable.

Forum selection clauses "are presumptively valid and should be enforced unless the opposing party shows that enforcement would be unreasonable under the circumstances." *Warwick*

*v. Schneider Nat'l, Inc.*, No. 20 C 1995, 2020 WL 5891407, at *5 (N.D. Ill. Oct. 5, 2020) (citing *Ayyash v. Horizon Freight Sys., Inc.*, No. 15-CV-10296, 2018 WL 5994755, at *4 (N.D. Ill. Nov. 15, 2018)). "The burden of proving the unreasonableness of a selected forum ... falls on the party opposing enforcement of the forum selection clause." *Exhibit Sys.*, 2015 WL 3930265 at *2 (citing *Brandt v. MillerCoors, LLC*, 993 N.E.2d 116, 121 (Ill. App. Ct. 2013)).

To determine the reasonableness of a forum selection clause, Illinois courts consider six factors: (1) the law governing the formation of the contract; (2) the residency of the parties to the contract; (3) the place of execution and/or performance of the contract; (4) the location of the parties and witnesses participating in the litigation; (5) the inconvenience to the parties of any particular location; and (6) whether the clause was equally bargained for. *Exhibit Sys.*, 2015 WL 3930265 at *2. Neutral factors essentially weigh in favor of the forum choice. *Id*. "Even if a majority of the factors favor litigation in another forum, this court may still conclude that the clause is reasonable." *Franklin Cap. Holdings, LLC v. Dejoy*, No. 14-CV-8001, 2015 WL 9259801, at *3 (N.D. Ill. Dec. 18, 2015).

Five of the six factors weigh in favor of the Northern District of Illinois as a venue for this litigation because they either weigh in favor of transfer or are neutral.[1] As to factor one, it is undisputed that Illinois law governs the Employee Agreement, and the Northern District of Illinois is clearly competent to apply Illinois law, so this factor weighs in favor of transfer. Factor two is neutral, as Abbott (a party to both the contract and the litigation) is resident in the Northern District of Illinois and Plaintiff (the other party to the contract and the litigation) is a resident of Ohio.

---

[1] Factor three is the only factor that weighs against transfer, as Plaintiff, a remote employee, presumably signed the Employee Agreement in Ohio, accepted the employment offer that was addressed to her Ohio home address, and was employed and performed pursuant to the contract in Ohio. *See Aon Corp. v. Utley*, 863 N.E.2d 701, 707 (2006) (finding "agreement was executed and performed in California, where defendant was employed").

7

Regarding factor four, Plaintiff is the only witness located in Ohio. Two of the main witnesses, Kristin Gewalt and Jim Curcio, each of whom investigated issues surrounding Plaintiff's employment, are located in Illinois. Defendant Lewis is located in Pennsylvania, and the witness Plaintiff identifies in her Complaint, Kim Wissman, is located in Kentucky. Therefore, except for Plaintiff, all of the witnesses participating in the litigation reside in Illinois or states other than Ohio. Therefore, factor four weighs in favor of transfer. With respect to factor five, the Northern District of Illinois is inconvenient to Plaintiff and Defendant Lewis, while Ohio is inconvenient to Defendant Lewis and Abbott, which makes this factor neutral.

Finally, factor six is neutral. While Plaintiff may argue she was an unsophisticated individual new to the business world, "[a] contracting party is under a duty to learn the contents of a written contract before signing it." *Navman Wireless N. Am., Ltd. v. Texas Oilfield Servs., LLC*, No. 16 C 11356, 2017 WL 1199751, at *2 (N.D. Ill. Mar. 30, 2017) (citing *Betaco, Inc. v. Cessna Aircraft Co.*, 32 F.3d 1126, 1136 (7th Cir. 1994)). Accordingly, "a person who signs a written contract is bound by its terms regardless of his or her failure to read and understand its terms." *Id*.

Based on the foregoing, the forum selection clause is valid under Illinois law. *See Exhibit Sys.*, 2015 WL 3930265 at *2.

### III. The Courts in the Northern District of Illinois are an Adequate Alternative.

The above analysis shows that Ohio's choice of law rules dictate that Illinois laws apply to the contractual terms in their Employment Agreement. Under Illinois Law, the forum selection clause of the Employment Agreement is valid, mandatory, reasonable, and, thus, enforceable.

Given that the forum selection clause is enforceable, the Court must next analyze whether the Northern District of Illinois is an adequate alternative forum. *See Warwick*, 2020 WL 5891407 at *7. To be adequate, "a forum must be both available and adequate." *Id*. (citing *Fischer v. Magyar Allamvasutak Zrt.*, 777 F.3d 847, 867 (7th Cir. 2015)). "A forum is adequate if no parties will be

8

treated unfairly or deprived of all remedies." *Id*. The United States District Court for the Northern District of Illinois is clearly available. Further, Plaintiff cannot offer any evidence that the Illinois federal court would "treat h[er] unfairly or deprive h[er] of all remedies." *Warwick*, 2020 WL 5891407 at *7. Thus, the Northern District of Illinois is an adequate alternative.

## IV.     The Public Interest Factors Weigh In Favor of Transfer.

Finally, pursuant to *Atlantic Marine*, the Court weighs the public interest factors for transfer, but such factors "will rarely defeat a transfer motion." *See Warwick*, 2020 WL 5891407 at *7 (citing *Atlantic Marine*, 571 U.S. at 62). These factors, which must "overwhelmingly disfavor" transfer to defeat application of a forum selection clause, include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; and (3) the interest in having the trial of a diversity case in a forum that is at home with the law. *Pomerantz v. International Hotel Co., LLC*, 359 F. Supp. 3d 570, 581 (N.D. Ill. 2019) (noting public interest factors must "overwhelmingly disfavor" transfer when forum selection clause is at issue) (citing *Atlantic Marine*, 571 U.S. at 67); and *Warwick*, 2020 WL 5891407 at *7 (listing three public interest factors) (citing *Atlantic Marine*, 571 U.S. at 62 n.6).

First, the federal courts in the Northern District of Ohio and the Northern District of Illinois are equally congested in terms of median time from filing to conclusion of civil cases. *See Warwick*, 2020 WL 5891407 at *7. Specifically, the Northern District of Ohio has a median time of 7.4 months to dispose of cases from the time of filing, while the Northern District of Illinois has a median time of 6.8 months. (Exhibit B, Table C-5) This factor, therefore, is slightly in favor of Illinois, or at most neutral.

Second, the Court considers the local interest in having localized controversies decided at home. *See Warwick*, 2020 WL 5891407 at *7. Abbott is headquartered in Illinois, meaning there is a local interest in having this controversy decided in Illinois. *See id*.

9

Third, the Court considers the interest in having the trial of a diversity case in a forum that is at home with the law. *See id*. While Plaintiff's claims are based on Ohio statutes, "courts are often called upon to decide substantive legal questions based upon another state's laws." *See id* (citing *Arion, LLC v. LMLC Holdings, Inc.*, No. 18 C 5904, 2018 WL 6590533, at *4 (N.D. Ill. Dec. 14, 2018)). And Plaintiff's claims are also not "so unique as to be beyond the comprehension of" an Illinois federal court. *See id*. Moreover, that the Employee Agreement contains an Illinois choice of law provision weighs in favor of transfer to an Illinois court. *See Warwick*, 2020 WL 5891407 at *7 (citing *Shakir Dev. & Const., LLC v. Flaherty & Collins Constr., Inc.*, No. 11 C 1116, 2011 WL 2470887, at *3 (N.D. Ill. June 21, 2011)).

Based on the foregoing, there are no "extraordinary circumstances" requiring denial of transfer to the Northern District of Illinois. *See Warwick*, 2020 WL 5891407 at *7 (granting motion to transfer venue from the federal courts of Illinois to the federal courts of Wisconsin) (citing *Atlantic Marine*, 571 U.S. at 62). The Court should thus enforce the forum selection clause and dismiss this case or, alternatively, transfer it to the Northern District of Illinois.

## CONCLUSION

For the reasons detailed above, Defendants respectfully request that the Court dismiss this case or, alternatively, transfer it from this District to the Northern District of Illinois, and grant Defendants all other relief the Court deems just and proper.

Dated: December 30, 2024

Respectfully submitted by,

ABBOTT LABORATORIES INC. AND COLLEEN LEWIS

/s/ *Kathleen C. Tranter*

Kathleen C. Tranter (0089503)
ktranter@seyfarth.com

*Pro hac vice motion forthcoming*
Uma Chandrasekaran
Illinois Bar No. 6281690
uchandrasekaran@seyfarth.com

*Pro hac vice motion forthcoming*
Victoria Street Tolbert
North Carolina Bar No. 32945
vtolbert@seyfarth.com

SEYFARTH SHAW LLP
233 S. Wacker Drive, Suite 8000
Chicago, IL 60606-6448
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on December 30, 2024, she filed the foregoing via the Court's electronic filing system and served it on the following attorneys of record by U.S. regular mail, proper postage prepaid, and e-mail:

> Lewis A. Zipkin (0030688)
> Kevin M. Gross (0097343)
> ZIPKIN WHITING CO., L.P.A.
> 3637 Green Road, Second Floor
> Beachwood, Ohio 44122
> Phone: (216) 514-6400
> Fax: (216) 514-6406
> lawsmatter2@gmail.com
> kgross@zipkinwhiting.com

    /s/ *Kathleen C. Tranter*
Kathleen C. Tranter (0089503)
Attorney for Defendants